**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4049

RAFAEL GALLEGOS-OLIVO,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-144-BO)

Submitted: August 31, 1999

Decided: September 24, 1999

Before NIEMEYER, MICHAEL, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Felice McConnell-Corpening, OFFICE OF THE UNITED
STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rafael Gallegos-Olivo pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (1994), and illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) (1994). Gallegos-Olivo appeals from the district court's judgment sentencing him to seventy-two months imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in denying Gallegos-Olivo's request for downward departure. Gallegos-Olivo has filed a pro se supplemental brief in which he argues that Criminal History IV overrepresented his criminal history and, therefore, the district court should have departed downward to Category III.

Prior to sentencing, Gallegos-Olivo contended that the pre-sentence report's criminal history category over-represented his prior criminal history and that departure was warranted under § 4A1.3 of the sentencing guidelines. See U. S. Sentencing Guidelines Manual § 4A1.3, p.s. (1998). Gallegos-Olivo's criminal history was determined to be Category IV based on seven points assessed under the guidelines. Of these, two points were assessed for a 1988 conviction for carrying a concealed weapon (a felony); the remaining points were assessed for (1) driving while impaired; (2) driving while impaired and driving while license revoked; and (3) sale of marijuana. Two additional points were assessed because Gallegos-Olivo was on unsupervised probation when he committed the underlying offenses. Gallegos-Olivo argued that, except for the felony conviction, the remaining convictions were for relatively minor offenses and, therefore, Category IV overrepresented his actual criminal record. The court declined to grant Gallegos-Olivo's motion for downward departure and sentenced him to seventy-two months imprisonment, the low end of the applicable guideline range.

2

A district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). The record establishes that the court fully understood its authority to depart but refused to do so. Its decision is not subject to appellate review.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Gallegos-Olivo's convictions and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. See 4th Cir. Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3